IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN JOHNSON                                                              PLAINTIFF

v.                                          Case No. 4:14-cv-04110

WRIGHT'S CLASS CO., L.L.C.;
WRIGHT'S GLASS CO., #2, L.L.C.;
LORIE PAGE; JOHNNY PAGE; and
JONATHAN P. PEDRON                                                        DEFENDANTS

## ORDER

Before the Court is the parties' Joint Motion for Entry of Stipulated Protective Order.  (ECF

No. 17).  The parties, through counsel, have agreed to the form and entry of this Order.  The Court

has reviewed the stipulated order, and it finds the parties' motion should be GRANTED.  The

Stipulated Protective Order reads as follows:

1.      Confidential Information, as later defined herein, and obtained by the Plaintiff from

the Defendants in this action, shall be used only for the purpose of this litigation and for no other

purpose whatsoever, and shall not be given, shown, made available or communicated in any way to

anyone except Qualified Persons, as herein defined.

2.      Confidential Information shall be deemed to include, without limitation:

(a)      Documents containing confidential personal information and sensitive payroll

files, such as social security numbers, contact information, medical information, dates of

birth, for Plaintiff and current or former employees of Defendants, proprietary or sensitive

business information of Defendants, including but not limited to financial information,

business plans, business policies, and other business related information that is not generally

available to the public, and information and other matters now requested or hereinafter

requested by a party and such other information as may be deemed by this Court to be relevant or material herein.

(b)      Any information concerning such as set forth in 2(a) herein above as maybe, from time to time, produced by a party and declared by the party at the time of production to be "Confidential Information" and subject to this Order. Materials that are being designated as confidential that do not fall into one of the specific categories named in Section 2(a) above, should be stamped confidential, or if Bates numbers are used, documents may be designated as confidential by bates number in a letter.   A party may oppose a confidentiality designation in writing within 10 days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue, and may move to remove the confidentiality designation if that fails.

(c)      If corrected within ten (10) days, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

3.      Except with the prior written consent of the Defendants, or pursuant to further Order of this Court on motion with notice to the Defendants, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the Plaintiff, any future counsel of record for the Plaintiff in this action, and secretaries, para-professional assistants, experts and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action, court personnel, witnesses at trial or deposition (including expert

witnesses), professional vendors, and the jury. No person shall attend portions of depositions at which Confidential Information is disclosed unless such person is an authorized recipient under the terms of this Order.

4.      Upon delivery of Confidential Information to the Plaintiff's counsel herein, the Defendants (or Defendants' counsel) shall execute and submit to the Plaintiff's counsel a document entitled "Inventory of Confidential Documents Delivered" in the form affixed hereto as Exhibit 1. Documents containing confidential information shall be stamped or otherwise marked as confidential.

5.      This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. Three years following the conclusion of this action, including all appeals:

(a)      Plaintiff and Plaintiff's counsel shall destroy all confidential information, including, correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

(b)      Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding. In the event that anyone violates this provision, the aggrieved party may seek any remedy permitted by law, including but not limited to sanctions for contempt and damages for injunctive relief.

6.      Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.

7.      Documents that are entirely confidential may be required to be filed with the Court and with the Clerk of this Court shall be filed under seal. Documents containing confidential

information may be filed in a redacted form so that those portions of the document containing confidential information will not be visible to the public.  Only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

       **IT IS SO ORDERED**, this 2nd day of March, 2015.


                /s/ Susan O. Hickey
                Susan O. Hickey
                United States District Judge